IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS


GREGORY STOUT,

        Plaintiff,

vs.                                                                    Case No. 17–cv–1393–DRH

N.P.A. TIM,
NURSE RIDGWAY,
DR. BUTALID,
C/O HAWK, and
C/O REAMS
        Defendants.


## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff Gregory Stout, an inmate in Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks declarative relief and compensatory damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff alleges that he was jogging in the #4 yard on November 4, 2017, when he fell and broke his leg. (Doc. 1, p. 3). Plaintiff was escorted to the health care unit. (Doc. 1, p. 4). Tim, a nurse practitioner, examined plaintiff and diagnosed him with a soft-tissue injury. *Id.* Plaintiff disagreed and told Tim several times that his leg was broken. *Id.* Tim gave plaintiff an ace bandage, ice, and Motrin. *Id.* Plaintiff was kept in the infirmary overnight. *Id.* About 20 minutes after being placed in an infirmary cell, plaintiff requested a doctor from the C/O. *Id.* Plaintiff's leg was pulsing with pain; he had never been in so much pain in his life. (Doc. 1, p. 5).

Tim returned to examine plaintiff again. *Id.* He said, "The C/O said you w[ere] crying, but I do not see you crying now." *Id.* Tim said plaintiff was stupid and didn't know what he was talking about. *Id.* Tim said he had 30 years' experience and he was not sending plaintiff to the hospital. *Id.*

Later on, Ridgeway came in to distribute medication. *Id.* Plaintiff told her that his leg was broken and asked to be sent to the hospital. *Id.* Ridgeway said that was beyond her pay grade and not going to happen. (Doc. 1, p. 6). Plaintiff asked her to go over Tim's head, but she only replied, "like I said, above my pay grade." *Id.*

Dr. Butalid examined plaintiff the next day. *Id.* He examined plaintiff's leg and ordered x-rays. *Id.* He also said plaintiff needed to go to the emergency room. *Id.* Plaintiff begged Butalid to send him to the hospital. *Id.* But Butalid did not order an ambulance, and so plaintiff had to wait until the following day before he was escorted to the hospital. *Id.* Plaintiff was finally taken to the hospital on November 6, 2017. Plaintiff never received x-rays at Pinckneyville, despite the fact that they have an x-ray machine on the grounds. (Doc. 1, pp. 6-7).

Plaintiff was transported to the hospital by Hawk and Reams. (Doc. 1, p. 7). They shackled plaintiff by the waist and ankle, and when plaintiff could not walk, they dragged him into the van by his arms. *Id.* Hawk and Reams did not call an ambulance or even use the prison's ADA van. *Id.*

X-rays taken of plaintiff's leg at the local hospital showed that it was broken in 4 places. *Id.* Plaintiff was scheduled for a referral with an orthopedic surgeon, but in the meantime, he was released back to the prison. (Doc. 1, pp. 7-8). Plaintiff was continually physically dragged to and from the transport van. *Id.* Plaintiff was not transported the "correct" way until he had surgery on November 15, 2017. (Doc. 1, p. 8).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 2 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claims survive threshold review:

> **Count 1 –** Tim, Ridgeway and Butalid were deliberately indifferent to plaintiff's broken leg when they delayed medical treatment on November 4th and 5th in violation of the Eighth Amendment;

> **Count 2 –** Hawk and Reams were deliberately indifferent to plaintiff's broken leg when they repeatedly dragged him to and from the transport van on November 6th and 9th, and failed to use an ADA van for transport.

As to plaintiff's **Count 1**, prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state a claim for deliberate indifference to a serious medical need, an inmate must

show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective element requires proof that the defendant knew of facts from which he could infer that a substantial risk of serious harm exists, and he must actually draw the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

"Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Eight Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Deliberate indifference may also be shown where medical providers persist in a course of treatment known to be ineffective. *Berry v. Peterman*, 604 F.3d 435, 441-42 (7th Cir. 2010); *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005).

Plaintiff has alleged that he broke his leg, a serious medical need. *See Steele v. Choi*, 82 F.3d 175, 179 (7th Cir. 1996) (using a broken leg as an example of a symptom that plainly calls for medical treatment). However, Tim misdiagnosed plaintiff's leg and failed to order further diagnostic testing, delaying treatment. This could be an indication of deliberate indifference. Likewise, when Plaintiff attempted to get Nurse Ridgway to help him secure treatment, she refused to intervene. This is also evidence of deliberate indifference. Finally, although plaintiff explains that Butalid believed him when he described his injuries, plaintiff alleges that Butalid did not immediately refer him to the hospital, causing him to spend an additional day in pain and without proper treatment. This also states a claim for deliberate indifference, and **Count 1** will proceed as to Tim, Ridgway, and Butalid.

Plaintiff's **Count 2** alleges that Hawk and Reams were deliberately indifferent to his broken leg by failing to correctly transport him. That is, plaintiff has alleged that Hawk and Reams knew that plaintiff was being transported to the hospital for medical evaluation, but handled him roughly anyway, and failed to use the ADA transport van. Plaintiff has alleged that they dragged him to and from the van, potentially increasing his pain and putting him at risk for further injury. At the pleading stage, plaintiff has also alleged a viable deliberate indifference claim against Hawk and Reams, and **Count 2** will be allowed to proceed in this action.

## Pending Motions

Plaintiff's Motion to Appoint Counsel is referred to a United States Magistrate Judge for disposition. (Doc. 3).

Plaintiff's Motion for Service of Process at Government Expense is **DENIED** as moot. (Doc. 6). Pursuant to Federal Rule of Civil Procedure 4(c)(3), a court must order service be made by the United States Marshals if the plaintiff is authorized to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. Plaintiff was granted leave to proceed IFP on January 9, 2018. (Doc. 7). The Court is therefore compelled to order service, making plaintiff's motion unnecessary and cumulative.

Plaintiff has also filed a Motion to Submit Medical Records and Declarations, (Doc. 8), and a Motion to add addendum. (Doc. 9). The Court does not permit piecemeal complaints pursuant to Local Rule 15.1, and so to the extent that plaintiff's motions are an attempt to amend the Complaint, they are denied. However, the Court does not prohibit pro-se litigants from filing exhibits, so to the extent the motions are requesting that exhibits be filed on the docket, they are granted. Plaintiff is informed that best practice is to submit his exhibits in support of any motions or responses to motions he may wish to make. There is no reason to submit them otherwise, although the Court will not prohibit plaintiff from doing so. Plaintiff may also reference exhibits already filed on the docket in support of any motions at any time, by citing to the relevant docket number.

## Disposition

**IT IS HEREBY ORDERED** that **Counts 1 and 2** survive threshold review against all defendants. Plaintiff's Motion for Service of Process at Government Expense is **DENIED as MOOT**. (Doc. 6). Plaintiff's Motion to Submit Medical Records and Declarations and Motion to add Addendum are **GRANTED in part and DENIED in part**. (Doc. 8)(Doc. 9). The Clerk of Court is **DIRECTED** to file the exhibits submitted in connection with Doc. 9; the records referred to in Doc. 8 appear to have already been filed as part of that motion.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Tim, Ridgway, Butalid, Hawk, and Reams: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a defendant who no longer can be found at the work address provided by plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not

known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against plaintiff, and the judgment includes the payment of costs under Section 1915, plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay

therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1)

Finally, plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.02.15
16:47:29 -06'00'

**United States District Judge**